Ex parte Santiago et al., Petitioners and Respondents, and The People, Contestant and Appellant.

Appeal from the District Court of Ponce in a Proceeding for Judicial Authorization to Compromise an Action to Recover Hereditary Interests of Natural Children.

No. 1124.—Decided August 1, 1914.

Compromise—Civil Status—Construction of Law.—As the authority to compromise granted by the Civil Code is general and very ample, the limitation contained in section 1715 relative to the civil status of the parties must be applied strictly.

Id.—Action of Filiation and for Inheritance—Property of Minors—Judicial Authorization.—When, as in the case at bar, several minor plaintiffs bring an action of filiation against a minor defendant claiming hereditary interests and both parties are willing to compromise the action and move the court for judicial authorization to compromise on the ground that they are minors, the court commits no error in sustaining the motion when the necessity and convenience thereof have been shown.

The facts are stated in the opinion.

*Mr. José A. Poventud* and *Mr. José Tous Soto* for the respondents.

*Mr. Charles E. Foote, fiscal,* for The People.

Mr. Justice del Toro delivered the opinion of the court.

Four actions of filiation and to recover inheritance are pending in the District Court of Ponce against the minor Teresa Santiago y Oppenheimer and her lawful mother, Isabel Oppenheimer Dalmau. One of said actions was brought by Alfonso and Epifanio Colón; another by the minors Rafael Antonio, Ana Celia and José Teodoro Vázquez, represented by their natural mother, Elena Vázquez; another by the minor Florencio María Colón, represented by her natural mother, Antonia Teresa Colón y Pérez, and another by the minor Manuel Antonio Vega, represented by his natural mother, Rosaura Vega Norat.

In each of the said four actions the defendants pleaded that the complaint was insufficient, as regards the first cause

of action, to establish filiation and proposed a compromise of the second cause of action for the recovery of inheritance. All the plaintiffs accepted the proposed compromise, but as the plaintiffs in three of the actions were minors and one of the defendants in all of the said actions was also a minor, it was necessary to apply to the proper district court for the authorization required by law. An application was made accordingly by the minor defendant, Teresa Santiago Oppenheimer, represented by her lawful mother, Isabel Oppenheimer, and the minor plaintiffs, represented also by their respective mothers, to the District Court of Ponce for authority to compromise in the manner hereinafter stated. The district *fiscal* opposed the application, and, after hearing the evidence, the court granted the authority solicited. From that judgment the *fiscal* took the present appeal.

It appears from the petition that Teodoro Santiago Rivera died in Coamo on April 15, 1913, leaving a holograph will, which was duly protocoled later, in which he named his minor daughter, Teresa Santiago Oppenheimer, and his wife, Isabel Oppenheimer Dalmau, as his sole and universal heirs; that after April 15, 1913, the actions referred to were brought in the District Court of Ponce against the heirs of Teodoro Santiago; that in all of the complaints it was alleged that the plaintiffs are the acknowledged natural children of the said Teodoro Santiago and that as such they were entitled to share in his estate, and that Teodoro Santiago died leaving a net capital of $305,851.59, from which, after deducting the widow's share of the community property, or $16,665.21, there remained a divisible inheritance of $289,186.38, and that the exact legitim of the only legitimate daughter being $96,395.46 and there being seven natural children claiming inheritance, the individual share of each of the latter would be $13,770.78.

The terms of the proposed compromise are embodied in the petition. In each case it is agreed that the defendants shall confess judgment for $7,000 in favor of each of the

plaintiffs, and the property which shall respond for the payment of the said amount is specified. The following clauses are common to the four proposed compromises:

"IV. The allotment and delivery of the said property shall be made within the three months following the date of the judgment to be rendered in regard to the first cause of action, *i. e.,* the filiation of the plaintiffs, whatever the judgment may be.

"V. This offer of compromise and its acceptance, if agreed to, shall have no force or effect, inasmuch as they refer to property and rights of the minor co-defendant, until the interested parties shall have filed a proper petition for judicial authorization therefor and have obtained a final order for the same from the court after due notice to the *fiscal;* nor shall it be effective in case of the failure for any cause of any of the compromises of the same tenor proposed in the actions against these defendants brought in this court by Rafael Antonio, Ana Celia and José Teodoro Vázquez, Manuel Antonio Vega and Florencio María Colón, the last five being minors represented by their respective mothers, who have acknowledged them, treating of the same subject-matters and referring to the same estate.

"VI. No compromise is proposed in regard to the first cause of action relating to filiation, which is set up in the amended complaint, because this involves the civil status of the plaintiffs, the present compromise being confined to the economic consequences which may arise from the filiation claimed, *i. e.,* the second cause of action relative to the recovery of hereditary property, the first cause of action involving filiation, therefore, being left subject to what the court may decide by the corresponding judgment."

The petition alleges also that the offers of compromise were accepted by the plaintiffs in the several actions, sets out all the data required by law and submits the following as matter for consideration:

"6. That the proposed compromises are useful and necessary both for the minor defendant and the minor plaintiffs; as to the former, because if the second cause of action, which is compromised, should be sustained, her inheritance would be reduced by the amount of the third integral part subject to free disposal, or approximately $96,395.46, whereas, by the proposed compromise she is required to surrender from her inheritance only the sum of $7,000 to each of

the said plaintiffs, or a total of $49,000 for the seven; and, as to. the latter, in case their actions should not prosper for any reason, such as lack of evidence or the like, they would not receive a single cent from the estate of their presumed natural father, whereas by this compromise, $7,000 is secured to each of them, even though the result of the action should be adverse to them.

"7. That, moreover, the said compromise is beneficial to all the minor plaintiffs and the minor defendant in the said actions because it would prevent heavy expenses and prejudicial delays, would terminate this action as to the second count for the recovery of hereditary property, and would avoid further suits relating to the administration of the hereditary property, its appraisement and distribution among the heirs.

"8. That the sum of $7,000 to be awarded to each of the plaintiffs in payment of his possible and eventual hereditary share, is reasonable in view of the amount which would belong to them in case their actions should prosper and the possibility of their not prospering or of their prospering after heavy outlays for expenses and delays for several years due to the fact that, considering the amount involved in each case, this case may be appealed to the Supreme Court of the United States."

In the judgment appealed from, after stating the necessary facts, the district court set out the following findings and conclusions:

"*Whereas,* The court finds that the compromises proposed and accepted in the cases mentioned are useful, necessary and advantageous both for the minor defendant who proposed the same and for the minor plaintiffs who accepted them, because they prevent heavy expenses and prejudicial delays and terminate the action as to the count for the recovery of hereditary property and avoid subsequent suits relating to the administration of the hereditary property, its appraisement and distribution among the heirs, and because, in view of all the circumstances of each case, according to the petition filed and the evidence examined, as well as all the other grounds and reasons set up in the said petition, the court deems the amount offered to, and accepted by, each of the plaintiffs to be reasonable, and as the court further deems the valuation of the property to be distributed among the minor plaintiffs in payment of their possible hereditary shares to be fair and reasonable;

"*Whereas,* The district *fiscal,* at the hearing on this petition, opposed the same because he understood that the proposed compromises as alleged in the petition refer to the civil status of the minor interested parties, and contended that, according to section 1715 of the Revised Civil Code, no compromise can be made in such cases, which opposition and objection the court overruled *in toto* because the compromises proposed and accepted refer only to the economic consequences that might arise from the filiation claimed and referred to in the second cause of action for the recovery of hereditary property set up in the said actions, the first cause of action relating to filiation, which is the only one which affects the civil status of the plaintiffs, being left subject to what the court may decide in the corresponding judgment, and on this ground the court finds that the said compromises are valid and effective when approved by the court, pursuant to subdivision 2 of section 1712 of the Revised Civil Code. (See 12 Manresa 114, 118 and 119.)

"*Therefore,* Sustaining the petition presented for judicial authorization to compromise, the court grants the judicial authorization solicited, on the ground of utility and necessity, and therefore approves *in toto* the said compromises proposed and accepted in the pending actions (naming them), but only as to the second cause of action for the recovery of hereditary property and in the terms stated in the said respective offers of compromise and acceptance thereof as set out in the petition; provided, that the money obtained by the minor plaintiffs as a result of the said compromise shall be deposited with the secretary of the court and be at the disposition of the court to be paid out under its orders and instructions, in which the district *fiscal* may intervene; and that the other property shall be delivered to the possession of the said minors, through their legal representatives, on the dates and subject to the conditions agreed on in the said compromise as soon as this judgment shall become final.''

Section 1715 of the Revised Civil Code reads as follows:

"No compromise can be made with regard to the civil status of persons, nor with regard to matrimonial questions, nor future support.''

We agree with the appellant *fiscal* that the two causes of action set up in the said four actions are so intimately connected that it is difficult to separate one from the other.

Nevertheless, in view of the attendant circumstances, we are of the opinion that the judgment appealed from should be affirmed.

In the work "Text of and Commentaries on the Spanish Civil Code," by the editors of the International Law Review, with a critical summary by Pedregal, the following is said in regard to certain general considerations relating to compromises:

"Although compromises always have offered an easy and speedy means of adjusting controversies between individuals, our old laws have given but little attention to the regulation of this class of contracts and to giving them scope and development which their importance demands.  Only one of the *Partida* Laws treats of them expressly and some others refer to them incidentally.  However, in practice the silence of the law has been supplied by some principles laid down by the jurisprudence of the courts and authors of text-books, which have been taken up and included among the provisions of the code, thus regulating a matter which lacked statutory adjustment.

"The importance of compromises is as indisputable as their utility is manifest.  They not only facilitate the solution of differences arising between two or more individuals, but also dignify the parties in two respects:  In the first place, they make them the arbitrators of the controversy by conferring upon them all the faculties of a judge and giving them the highest of all social functions, the administration of justice; and in the second place, they influence each of the parties to cede some of his rights, thereby showing an example of laudable condescendence.  And above all this, the utility of the compromise is evident when considered as a means of avoiding the expenses incident to all lawsuits and the vexatious annoyances attending judicial controversies."

Sánchez Román, in commenting upon contracts of this kind, says:

"As a peace-maker seeking a decision in the sovereign will of the interested parties who have agreed to settle the issues joined between them, it is beyond all doubt highly praiseworthy as well as practical and advantageous, the principle of human solidarity, and the currents of fraternity and cordiality among men being recognized by it in specific acts."  4 Sánchez Román on Civil Law (2nd ed.), 949.

And referring directly to the question involved in the present case in this commentary on section 1814 of the Spanish Civil Code, which is similar to section 1715 of our Revised Code, Manresa says:

"But let it be well understood that that prohibition should be construed strictly and be considered as limited to what we have pointed out. Hence, many commentators consider as perfectly valid a compromise of the economic consequences or pecuniary interest arising or originating from the civil status claimed, such, for example, as the rights which a natural child whose action is pending before the court may have in the estate of his father, in which case the legitimate children who inherit concurrently with him, pursuant to the provisions of section 840, may effect a valid compromise with him as to the amount he shall receive in such capacity in substitution of the lawful rights to which he would be entitled under a decree establishing said filiation.

\*    \*    \*    \*    \*    \*    \*

"The question has not been brought before our courts, but it has been decided affirmatively by foreign jurisprudence, thus supplying an omission of the law."   12 Manresa, Spanish Civil Code (2nd ed.), 116.

The authority to compromise granted by the code is general and ample. This being so, the limitation contained in section 1715 should be strictly construed, as maintained by Manresa.

When there is no authentic and genuine record of the acknowledgment of a natural child by its father or mother, the heirs of the father or mother cannot themselves supply the omission and the interested parties must resort to the courts. But what good grounds exist for objection if the heirs offer to deliver, and in fact do deliver, certain property to the plaintiffs when they contribute thereby to the prompt termination of actions which from their nature are usually vexatious, and in no manner affect the common welfare or public policy?

Nothing in open opposition to this has been decided by the Supreme Court of Spain in construing section 1814 of

the Civil Code; and, according to Manresa, the foreign tribunals have decided the question in the affirmative, or that the compromise is lawful. This being the case, and as it seems to us that the compromise entered into is really advantageous to both parties, we are of the opinion that the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Justices Wolf and Aldrey concurred.

Chief Justice Hernández and Justice Hutchison took no part in the decision of this case.